**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| LADESHA HALL,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN REPORTING INC., and INHABITIQ, INC.,<br><br>Defendants. | Case No. ________________<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1367, 1441, and 1446** |

TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF LADESHA HALL:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 and Local Civil Rule 101, Defendants Western Reporting Inc. and Inhabitiq, Inc. ("Defendants") remove to the United States District Court for the Western District of Washington the civil action brought against them within the Superior Court of the State of Washington in and for the County of King ("King County Superior Court"). In support of removal, Defendants state as follows:

## I. PLEADINGS, PROCESS, AND PROCEEDINGS IN STATE COURT

1. On October 2, 2025, Plaintiff Ladesha Hall ("Plaintiff") commenced this purported class action against Defendants by filing a complaint in King County Superior Court. Declaration of Kirsten Parris ("Parris Decl.") ¶2. Exhibit A to the Parris Declaration includes all pleadings,


SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

processes, and documents served on, or filed by, either party in this matter.

2. The complaint alleges, *inter alia*, that Defendants did not comply with the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) ("FCRA") and alleges four causes of action—one purported class claim under Section 1681e(b) of the FCRA and three causes of action under Washington state law (RCW 19.86.090, RCW 19.182.060).

## II. TIMELINESS OF REMOVAL

3. A defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b). The time for filing of a Notice of Removal begins to run when a party has been formally served with the summons and complaint under applicable state law "setting forth the claim for relief upon which such action or proceeding is based." *Id.*; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

4. The service of process that triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law."). Under Washington law, a civil action is commenced by service of summons and complaint or by filing a complaint. *See, e.g.*, *Melvin v. Kingsolver*, 2012 WL 13026632, at *3 (W.D.Wash. June 12, 2012) (citing RCW 4.28.020).

5. In accordance with 28 U.S.C. § 1446(b), Defendants are timely filing this Notice within thirty (30) days of their receipt of service of the complaint and summons, which occurred on October 7, 2025. Parris Decl. ¶3, Exhibit B.

## III. BASIS FOR REMOVAL: FEDERAL QUESTION

6. This Court has original federal question jurisdiction over this case under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

7. Plaintiff expressly alleges that she has brought her cause of action pursuant to the



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. *See* Parris Decl., Ex. A at 10. As such, this is a civil action arising under the laws of the United States over which this Court has original jurisdiction. Accordingly, this case is removable under 28 U.S.C. §§ 1331 and 1441 on federal question grounds. *See* 28 U.S.C. §§ 1331, 1441(a).

**IV. SUPPLEMENTAL JURISDICTION**

8. Plaintiff's additional claims for relief are within the supplemental jurisdiction of the Court, in that they are so related to the claims subject to federal jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see* Parris Decl., Ex. A at 10–11. Any of Plaintiff's claims for damages arise out of the same background screening allegations surrounding the FCRA claims. *Id*.

**V. VENUE**

9. Venue lies in the United State District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 128(b). Plaintiff originally brought this action in King County Superior Court, which is located in this district. Therefore, this action is properly removed to this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. 1441(a).

**VI. NOTICE OF REMOVAL**

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will give prompt written notice of the filing of this Notice of Removal to Plaintiff.

11. In compliance with 28 U.S.C. § 1446 and LCR 101(c), Defendants are concurrently filing with the Clerk of this Court copies of any and all additional records and proceedings in King County Superior Court. *See* Parris Decl., Ex. A.

12. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, the undersigned certifies that Defendants' factual allegations herein have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. By filing this Notice of Removal, Defendants do not waive any defenses available at law, in equity, or otherwise.

**VII. PRAYER FOR REMOVAL**

For the foregoing reasons, Defendants respectfully request that this civil action be removed from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington.

Respectfully submitted October 27, 2025.

SEYFARTH SHAW LLP

By: */s/Kirsten Parris*
Kirsten Parris, WSBA No. 55444
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 393-4028
Email: kparris@seyfarth.com

*Counsel for Defendants*



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I certify that on the date noted below I served Defendants' Joint Notice of Removal via U.S. Certified Mail to the following:

Toby J. Marshall, WSBA No. 32726
Email: tmarshall@terrellmarshall.com
Elizabeth A. Adams, WSBA No. 49175
Email: eadams@terrellmarshall.com
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Rory O'Sullivan, WSBA No. 38487
Email: rory@weba.law
Washington Employment Benefits Advocates, PLLC
720 Seneca Street, Suite 107 # 146
Seattle, Washington 98101
Telephone: (253) 289-7775

E. Michelle Drake
Email: emdrake@bergermontague.com
John Albanese
Berger Montague PC
1229 Tyler Street NE, Suite 205
Minneapolis, Minnesota 55413
Telephone: (612) 594-5997

*Attorneys for Plaintiff*

DATED this 27th day of October, 2025, at Seattle, Washington.

By: */s/ Mendy Graves*
Mendy Graves, Legal Secretary



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910